**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PRIMERICA LIFE INSURANCE COMPANY,

Plaintiff,

v. Case No. ______________

SUSAN D. LAINE and KATHERINE E. SPRINGER,

Defendants.

**COMPLAINT FOR INTERPLEADER**

Plaintiff Primerica Life Insurance Company ("Primerica"), by and through its counsel, Martin, Pringle, Oliver, Wallace & Bauer L.L.P. and Boldman PLC, who will be submitting an application for *pro hac vice* admission, states as follows for its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22:

**PARTIES**

1. Primerica is a Tennessee corporation that has its principal place of business in Duluth, Georgia. Therefore, Primerica is deemed a citizen of both Tennessee and Georgia. Primerica is authorized to do business in the State of Kansas.

2. Andrew Laine (the "Decedent") owned and was covered by a life insurance policy issued by Primerica, policy number 0434658705 (the "Policy"). As the Policy's owner, the Decedent was entitled to name a beneficiary or beneficiaries to receive certain life insurance benefits under the Policy.

3. Upon information and belief, Defendant Susan D. Laine is ex-wife of the Decedent, and resides at 770 12th Road, Clay Center, Kansas 67432, which is within this judicial district. Ms. Laine is therefore a citizen of Kansas.

4. Upon information and belief, Defendant Katherine E. Springer is the daughter of the Decedent, and resides at 14485 Harper Lane, Dixon, Missouri 65459. Ms. Springer is therefore a citizen of Missouri.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Primerica and the Defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this is an interpleader action pursuant to Fed. R. Civ. P. 22.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because at least one Defendant resides in this judicial district.

**CAUSE OF ACTION IN INTERPLEADER**

7. On or about September 22, 2020, the Decedent submitted an application to Primerica for insurance on his life in the initial amount of $500,000 (the "Application"). In the Application, the Decedent designated his then spouse, Susan Laine, as his beneficiary. A true and correct copy of the Application is attached as **Exhibit A**. In order to qualify for coverage, the Decedent later submitted an Amendment to the Application, in which the coverage sought was reduced to $150,000.

8. On or about October 26, 2020, Primerica issued Life Insurance Policy No. 0434658705 (the "Policy"), with a face amount of $150,000, to the Decedent. The Policy was issued with an Increasing Benefit Rider, which would provide additional death benefits that would increase in accordance with the Rider Specifications, over time. A true and correct copy of the Policy is attached as **Exhibit B**.

9. On or about February 4, 2021, the Decedent requested an increase in coverage under the Policy by applying for a Term Rider in the amount of $350,000. On February 8, 2021, Primerica issued the requested Insured Term Rider 10, in the amount of $350,000 and with an issue date of February 13, 2021, to the Decedent. The issuance of the Insured Term Rider 10 increased the total amount of coverage under the Policy to $500,000, plus any applicable amount under the Increasing Benefit Rider. A true and correct copy of the Policy, as amended on February 8, 2021, is attached as **Exhibit C**.

10. The Decedent did not amend his beneficiary designation in connection with the February 8, 2021 Policy amendment or at any other time prior to April 4, 2026.

11. The Decedent and Defendant Laine were divorced on March 24, 2021. Upon information and belief, a true and correct copy of the Divorce Decree is attached as **Exhibit D.** Pursuant to the terms of the Divorce Decree, Susan Laine was to remain the beneficiary of the Policy for as long "as Husband has an obligation to pay spousal support." *Id.* at 5.

12. On or about April 4, 2026, the Decedent contacted Primerica to change his beneficiary designation on the Policy. The Decedent designated Katherine E. Springer, his daughter, as his beneficiary, to receive 100% of the Policy benefit. **Exhibit E**.

13. On or about June 14, 2026, the Decedent died. Upon information and belief, a true and correct copy of the Death Certificate is attached as **Exhibit F**.

14. At the time of the Decedent's death, the total amount of the Policy benefit payable was **$575,000**, consisting of the $150,000 face amount, the $350,000 Insured Term Rider, and $75,000 under the Increasing Benefit Rider (the "Policy Benefit").

15. On or about June 15, 2026, Ms. Laine contacted Primerica to report the death of the Decedent and requested claim materials. In response, Primerica sent a Claim Form to Ms. Laine via email. **Exhibit G.**

16. On June 16, 2026, Primerica sent correspondence and a Claim Form to Ms. Springer, as beneficiary of record. **Exhibit H.**

17. On or about June 24, 2026, Primerica received a completed Claim Form Statement from Ms. Laine, along with the Divorce Decree and an email that explained her position that she is entitled to the Policy Benefit pursuant to the Divorce Decree. **Exhibit I.**

18. By a Claim Form Statement dated June 25, 2026, Ms. Springer submitted a claim for the Policy Benefit. **Exhibit J.**

19. On July 10, 2026, Ms. Springer sent email correspondence to Primerica, setting forth her position that, because the Decedent had indicated that he would be terminating all spousal support under the Divorce Decree, she is entitled to the Policy Benefit. **Exhibit K.**

20. Primerica received further communications from Ms. Laine and Ms. Springer on July 14, July 17, and July 27, 2026, each asserting entitlement to the Policy Benefit. **Exhibit L.**

21. As a result of the competing and conflicting claims asserted by Ms. Laine and Ms. Springer, Primerica is unable to determine with certainty the person or persons legally entitled to receive the Policy Benefit of $575,000.

22. In the absence of this Court's determination, payment of the Policy Benefit to either of the Defendants would expose Primerica to the risk of multiple liability, inconsistent obligations, and additional claims arising from the same Policy proceeds.

23. Primerica, therefore, cannot determine, without hazard or peril, the proper recipient of the Policy Benefit and seeks a judicial determination of the respective rights of the Defendants.

24. Primerica is a neutral and disinterested stakeholder. It claims no beneficial interest in the Policy Benefit, except for its right to seek reimbursement of its costs and attorneys' fees incurred in bringing this interpleader action. Primerica stands ready, willing, and able to deposit the Policy Benefit, plus any applicable interest, and less any award of attorneys' fees and costs, into the registry of the Court or otherwise distribute such proceeds as directed by the Court.

25. Primerica has not filed this interpleader action at the request, direction, or encouragement of either Defendant.

26. There is no fraud or collusion between Primerica and either Defendant with respect to the matters alleged herein.

27. Primerica has not been indemnified by either Defendant with respect to the matters involved in this case.

28. Primerica brings this Complaint for Interpleader of its free will so as to avoid being vexed and harassed by conflicting and multiple claims.

WHEREFORE, Primerica respectfully requests:

a) That this Court issue an Order allowing Primerica to pay the Policy Benefit into the Court's registry, plus any applicable interest and less any award of fees and costs to Primerica;

b) That Defendants be required to answer this Complaint for Interpleader so as to settle their rights to the Policy Benefit;

c) That this Court determine and declare to whom the Policy Benefit at issue is due and owing;

d) That Primerica be discharged of any and all liability to Defendants, any other such persons who may appear to have an interest in the Policy Benefit and who may subsequently appear

as parties in this case, and to all other persons whatsoever from any and all claims to the Policy Benefit at issue;

e) That Defendants and any other persons as may appear to have an interest in the Policy Benefit, and who may subsequently appear as parties in this case, upon determination by this Court of the matters at issue herein, be enjoined and restrained by Order of this Court from instituting and prosecuting any action in any court to recover the Policy Benefit at issue, or proceeding on the basis of any right arising out of the Policy Benefit or the life insurance coverage provided to the Decedent in the Policy;

f) That Primerica be awarded attorneys' fees, costs, and expenses incurred in this action, with all such fees, costs, and expenses to be paid out of the Policy Benefit prior to its remittance to the Court or otherwise as the Court may direct; and

g) That Primerica be awarded such other relief as this Court deems just.

Dated: September 14, 2026

Respectfully submitted:

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.

/s/ *Samantha M. H. Woods*
Samantha M. H. Woods, #25929
645 E. Douglas, Suite 100
Wichita, KS 67202
Tel: (316) 265-9311
Fax: (316) 265-2955
smwoods@martinpringle.com

Michelle Thurber Czapski (*pro hac vice forthcoming)*
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, MI 48084
Telephone: 248-743-6000
Facsimile: 248-743-6002
mczapski@bodmanlaw.com

*Attorneys for Plaintiff Primerica Life Insurance Company*